Clarence M. Belnavis, OSB No. 942463
cbelnavis@fisherphillips.com
Stephen M. Scott, OSB No. 134800
smscott@fisherphillips.com
Stephan Kendall, OSB No. 215359
skendall@fisherphillips.com
FISHER & PHILLIPS LLP
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262 Telephone
(503) 242-4263 Facsimile

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| WENDY LYNN JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., and WALMART #2243, foreign corporations,<br><br>Defendants. | Case No. 6:23-cv-00902-MK<br><br>**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>(Oral Argument Requested) |

## LR 7-1 CERTIFICATION

Counsel for Defendant Walmart Inc. ("Walmart" or "Defendant"),[1] conferred with Plaintiff's counsel in good faith by phone regarding the subject matter of this Motion on June 27,

[1] Plaintiff correctly named "Walmart Inc," but Plaintiff incorrectly identified the additional named defendant, Walmart #2243.

July 11, and July 19, 2023, but could not resolve all outstanding issues. (Declaration of Stephan Kendall in Support of Defendant's Motion to Dismiss Plaintiff's Complaint ("Kendall Decl."), ¶ 4.)[2]

## MOTION

Pursuant to Federal Rule of Civil Procedure ("FRCP") 12, Defendant respectfully makes the following Motions:

**Motion 1:** Motion to dismiss Plaintiff's second claim for relief under ORS 659A.112 for failure to state a claim upon which relief can be granted.

**Motion 2:** Motion to dismiss Plaintiff's third claim for relief under common law constructive discharge as barred by the existence of an adequate statutory remedy and for failure to state a claim upon which relief can be granted.

**Motion 3:** Motion to dismiss Plaintiff's fourth claim for relief under the Americans with Disabilities Act for failure to state a claim upon which relief can be granted.

**Motion 4:** Motion to dismiss Plaintiff's fifth claim for relief under common law negligence as barred by Oregon's workers' compensation exclusivity statute and for failure to state a claim upon which relief can be granted.

/ / /

/ / /

/ / /

[2] During conferral, Plaintiff's counsel indicated that a forthcoming amended complaint would be filed. The amended complaint is anticipated to revise Plaintiff's second and fourth claims for relief and remove Plaintiff's third claim for relief. For purposes of preserving its arguments, Defendant is filing this motion in full, although Plaintiff's amended complaint may moot motions 1, 2, and 3 above. (Kendall Decl., ¶ 5.)



FISHER & PHILLIPS LLP
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

## INTRODUCTION

The following facts from Plaintiff's Complaint[3] are accepted as true for purposes of these motions only:[4]

1. Plaintiff was hired by Defendant Walmart on or about August 13, 2011. Complaint, ¶ 4.
2. Plaintiff was promoted to digital coach in or around May of 2020. *Id.*, ¶ 4.
3. Plaintiff suffered a workplace injury when loading product into a customer's car. *Id.*, ¶ 5.
4. Plaintiff sustained a concussion from the aforementioned workplace injury. *Id.*, ¶ 6.
5. Plaintiff filed for worker's compensation and was approved. *Id.*, ¶ 7.
6. Plaintiff's doctor prescribed certain unknown restrictions. *Id.*, ¶ 8.
7. Plaintiff resigned from employment in or around August of 2021. *Id.*, ¶ 11.
8. Defendant took a variety of actions regarding Plaintiff's employment. *Id.*, ¶ 17.

## LEGAL STANDARD

FRCP 12 (b)(6) allows a court to dismiss a claim for failing to state a claim upon which relief can be granted. Under U.S. Supreme Court cases interpreting the notice pleading requirements of Fed. R. Civ. P. 8(a), to survive a motion to dismiss, a plaintiff must set forth facts supporting a **plausible claim for relief**, and not merely a **possible claim for relief**. *Ashcroft v.*

---

[3] A copy of Plaintiff's Complaint is attached as Exhibit A to Kendall Decl.

[4] Defendant does not admit any of the facts alleged in Plaintiff's Complaint and expressly denies any and all allegations asserted in Plaintiff's Complaint. Defendant accepts Plaintiff's factual allegations solely for the purposes of these Motions as required by FRCP 12. Defendant denies that it is in any way liable to Plaintiff, and for the preservation of its rights, it asserts the following Affirmative Defenses: Plaintiff has failed to state a claim for which relief may be granted; statute of limitations/laches; *Faragher-Ellerth*; waiver/estoppel; failure to take advantage of preventative/corrective opportunities; failure to exhaust; actions taken were for legitimate, good faith, non-discriminatory business reasons; and failure to mitigate damages. Defendant reserves the right to amend its Affirmative Defenses, or any counterclaims as warranted through the discovery process and litigation.

*Iqbal*, 556 U.S. 662, 878, 884 (2009) (emphasis added) (abrogating the "no set of facts" standard of *Conley v. Gibson*, 355 U.S. 41, 45 (1957), and holding that a complaint that consists of mere conclusory allegations or merely recites statutory language or elements of claims is insufficient). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegations in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007).

This Court recognizes the increased pleading burden on plaintiffs that was enunciated in *Twombly*: "'[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Williamson v. Munsen Paving LLC*, No. CV 09–736–AC, 2010 WL 1063575, at *2 (D. Or. March 2, 2010)[5] (*quoting Twombly*, 550 U.S. at 555). In reviewing the sufficiency of a pleading, a court should first separate the factual elements of a claim from the legal elements. *Iqbal*, 556 U.S. at 874-75. The court must accept as true the factual allegations in the complaint, but not its legal conclusions. *Id*. Once the factual assertions have been distinguished from the legal conclusions, the court must determine whether those factual assertions are sufficient to state a plausible claim for relief. *Id*. Dismissal without leave to amend is appropriate where a court determines that the deficiencies of a complaint cannot be cured by amendment. *Jackson v. Carey*, 535 F.3d 750, 758 (9th Cir. 2003) (*reversed and remanded on other grounds in Jackson v. Carey*, 330 Fed. Appx. 658 (9th Cir. 2009)). Dismissal without leave to amend is appropriate for the reasons outlined herein.

[5] A true and correct copy of the written opinion in this case is attached as Exhibit B to Kendall Decl.



**FISHER & PHILLIPS LLP**
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

## ARGUMENT

A motion to dismiss pursuant to FRCP 12 (b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive a 12(b)(6) motion, a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level." *Twombly* at 555. While a court must accept as true all the factual allegations in a complaint, this tenet does not apply to legal conclusions. Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*

### A. Plaintiff's Second and Fourth Causes of Action Under ORS 659A.112 and The Americans with Disabilities Act Should be Dismissed.

Plaintiff's second and fourth claims for relief state that she was discriminated against on the basis of disability. Oregon courts analyze claims under ORS 659A.112 and the ADA similarly. ORS 659A.139; *Shepard v. City of Portland*, 829 F. Supp. 2d 940, 963 (D. Or. 2011). A prima facie case of disability discrimination under Oregon law requires Plaintiff to show she was: (1) a disabled individual under the statues; (2) a qualified individual capable of performing the essential functions of the job; and (3) subject to an adverse employment action because of her disability. *Shepard*, 829 F. Supp. 2d at 963. Plaintiff's complaint fails to allege sufficient facts for elements two and three.

Dismissal of a disability discrimination claim is appropriate when a plaintiff fails to allege that they are a qualified individual who could perform the essential functions of the job with or without accommodation. *Wessels v. Moore Excavation, Inc.*, No. 03:14-cv-01329-HZ, 2014 WL 6750350, at *5 (D. Or. Dec. 01, 2014); *Garcia v. Durham & Bates Agencies, Inc*., Case No. 3:14-cv-00220-SI., 2014 WL 3746521, at *3 (D. Or. July 29, 2014) (plaintiff's claim for disability discrimination dismissed for failing to allege "that or how she is a 'qualified individual'"). To properly plead such facts, a plaintiff must indicate the essential functions of the position, the type



**FISHER & PHILLIPS LLP**
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

of restrictions provided, and the general ability of the plaintiff to perform such essential functions. *Taylor v. Schwan's Consumer Brands, Inc.*, No. 3:21-cv-00922-AC, 2022 WL 891826, at *6 (D. Or. Feb. 14, 2022). Here, Plaintiff's Complaint is devoid of such allegations. No information is provided regarding what the essential functions of Plaintiff's position were, and whether or not Plaintiff could perform them with or without accommodation. The only reference to any form of restriction is a vague allegation regarding "light-duty work." Complaint, ¶ 8.

8.

Plaintiff's treating doctor prescribed light-duty work with restrictions.

Based on that lone sentence, it remains completely unclear how the unknown restriction or her alleged concussion impacted Plaintiff's ability to perform the essential functions of her position. As such, Plaintiff's Complaint fails to allege that she is a qualified individual as required by both state and federal law.

Plaintiff also fails to sufficiently allege causation. Plaintiff's sole allegation that could be construed as causation states "Defendants discriminated against Plaintiff because of her concussion disability." Complaint, ¶ 17. However, this statement is a legal conclusion that simply recites an element of the claim, and the Court need not accept it as true. *Iqbal*, 556 U.S. at 663. Missing from the Complaint are any facts regarding how Plaintiff's alleged disability caused any adverse action – whether that be which supervisors had knowledge of Plaintiff's condition, which supervisors engaged in any alleged adverse action, any documentation Plaintiff may have received from or provided to any supervisor, or any other facts that lead to a plausible claim for relief. Without any facts that allege who had knowledge of Plaintiff's alleged disability, and if that individual was motivated by said knowledge to take an adverse employment action, Plaintiff's claim is factually insufficient to find causation. *Wilson v. Providence Health & Servs.*, No. 3:14-



**FISHER & PHILLIPS LLP**
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

cv-01091-JE, 2015 WL 4366218, at 12-13 (D. Or. July 14, 2015) (holding plaintiff's disability discrimination claim failed because supervisor had no knowledge of alleged disability).

For failing to allege facts sufficient to establish that Plaintiff was a qualified individual, or that any alleged adverse action was caused by her alleged disability, Plaintiff's disability discrimination claims should be dismissed.

**B. Plaintiff's Third Claim for Constructive Discharge Should Be Dismissed.**

i. *Constructive discharge is an interstitial tort that should be dismissed when an adequate statutory remedy exists.*

Constructive and wrongful discharge are interstitial torts under Oregon law. *Wall v. Sentry Ins.*, No. 3:14-CV-01887-SI, 2015 WL 350683, at *2-3 (D. Or. Jan. 26, 2015); *Vergara v. Patel*, 305 Or. App. 288, 305 (2020) ("wrongful discharge was not intended to be a tort of general application; rather, it is an interstitial tort, designed to fill a gap") (internal quotation omitted). These common law torts are appropriately dismissed where an adequate statutory remedy is provided. *Id*. at *3; *Arnold v. Pfizer, Inc*., 970 F. Supp. 2d 1106, 1145 (D. Or. 2013); *Neighorn v. Quest Health Care*, 870 F. Supp. 2d 1069, 1106-7 (D. Or. 2012). Relief under ORS 659A.040, and even more broadly, relief under Chapter 659A in general, has been held to provide an adequate statutory remedy such that interstitial common law claims should be dismissed. *Wall*, 2015 WL 350683, at *2 (ORS 659A.885 provided adequate remedy); *Arnold*, 970 F. Supp. 2d at 1146 (ORS 659A.040 provided adequate statutory remedy). Put plainly, a claim for constructive or wrongful discharge cannot exist alongside the adequate statutory remedies which are provided under ORS Chapter 659A.

/ / /

/ / /

/ / /



**FISHER & PHILLIPS LLP**
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

Here, Plaintiff has claims under both ORS 659A.040 and 659A.112. Complaint ¶¶ 9 & 14. Both claims allege Plaintiff resigned from her job.[6] Complaint ¶¶ 11 & 18.

> 11.
>
> As a result of Defendants' discrimination, Plaintiff quit working for Defendants in August 2021, and suffered emotional distress, physical pain and delayed healing, exacerbated concussion symptoms, lost wages and benefits, lost 401k contributions, and additional medical expenses.
>
> 18.
>
> As a result of Defendants' discrimination, Plaintiff quit working for Defendants and suffered emotional distress, physical pain and delayed healing, exacerbated concussion symptoms, lost wages and benefits, lost 401k contributions, and additional medical expenses.

Additionally, both claims provide an adequate statutory remedy for Plaintiff's alleged injury. *Wall*, 2015 WL 350683, at *2; *Arnold*, 970 F. Supp. 2d at 1146; ORS 659A.885 (allowing for injunctive and other equitable relief, back pay, attorney fees, compensatory damages, and punitive damages). According to the relevant case law in this district, Plaintiff's common law constructive discharge claim is therefore appropriately dismissed because it is barred by her statutory claims.

ii. *Plaintiff has failed to allege facts sufficient to state a claim for relief.*

Even if this Court holds that Plaintiff's constructive discharge claim is not preempted by the existence of an adequate statutory remedy, Plaintiff has failed to allege facts sufficient to state

[6] Similarly, but in the inverse, Plaintiff's constructive discharge claim specifically alleges Plaintiff was discriminated against on the basis of disability and her application for workers' compensation. Complaint, ¶ 23.



FISHER & PHILLIPS LLP
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

a claim for relief. In Oregon, a constructive discharge occurs when resignation is "forced by unacceptable working conditions." *Kallio v. Columbia County Dept. of Rds.*, No. CV-07-1211-HU, 2009 WL 103565, at *7 (D. Or. Jan. 13, 2009) (citing *Bratcher v. Sky Chefs, Inc.*, 308 Or. 501, 503–04 (1989)). The elements of a prima facie case therefore require a plaintiff to show that: "(1) the employer intentionally created working conditions that (2) were so intolerable that a reasonable person would have resigned; and (3) the employer created these conditions because it wanted the employee to resign; and (4) the employee left because of those conditions." *Id.* (citing *McGanty v. Staudenraus*, 321 Or. 532, 557 (1995)). The conditions must be objectively intolerable, not subjectively. *Id.*

The Complaint falls woefully short of the standard required to state a plausible claim for relief. Plaintiff lists a litany of alleged adverse actions that she suffered, but most alleged actions relate to discipline ("writing [Plaintiff] up" and "giving her 'red-level' discipline"), personnel management ("firing a majority of Plaintiff's staff" and "refusing to return her to managerial work"), or are too vague to determine what is being alleged ("generally harassing Plaintiff.") Complaint, ¶ 17. Such claims of discipline or other internal employee management are insufficient to allege objectively intolerable working conditions. *Poland v. Chertoff*, 494 F.3d 1174, 1184 (9th Cir. 2007) ("We set the bar high for a claim of constructive discharge because federal antidiscrimination policies are better served when the employee and employer attack discrimination within their existing employment relationship, rather than when the employee walks away and then later litigates whether his employment situation was intolerable").

/ / /

/ / /

/ / /



**FISHER & PHILLIPS LLP**
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

Plaintiff also alleges that Defendant "knew or should have known" that the list of actions would cause Plaintiff to resign. Complaint, ¶ 23.

> 23.
>
> Defendants intentionally discriminated against Plaintiff because of her disability and because she filed a worker's compensation claim, and, Defendants knew or should have known that such discrimination would cause Plaintiff to quit.

"Should have known" is not the appropriate standard. *Kallio*, 2009 WL 103565, at *7. Plaintiff does not state that any actions were taken with the intent to cause Plaintiff to resign, nor does she state if, or how, her working conditions were objectively intolerable as required by Oregon law.

Cases which have found that objectively intolerable conditions did exist illustrate the plain insufficiency of Plaintiff's Complaint. For example, in *McGanty*, a supervisor was alleged to have engaged in a "pattern of sexual harassment and abuse" that lasted for over one year. 321 Or. at 534. In *Middleton*, the plaintiff was told complaints would go away if they resigned, a new position was created to demote him, he was forced to undergo an unwanted medical examination, and then was suspended without pay. 621 F. Supp. 2d at 1096. Here, Plaintiff's Complaint does not approach the level of objective intolerableness required by law and illustrated by other cases.

Plaintiff's constructive discharge claim is preempted by the existence of an adequate statutory remedy and pleads insufficient facts to state a claim for relief and should therefore be dismissed without leave to amend.

/ / /

/ / /

/ / /

/ / /



**FISHER & PHILLIPS LLP**
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

**C. Plaintiff's Fifth Claim for Negligence Should be Dismissed.**

i. *The workers' compensation system provides the exclusive remedy for Plaintiff's alleged workplace injury.*

Under ORS 656.018(1)(a), the workers' compensation system "is exclusive and in place of all other liability arising out of injuries, diseases, symptom complexes or similar conditions arising out of and in the course of employment that are sustained by subject workers." This statute "immunize[s] an employer or coworker from tort claims brought by an injured employee." *Toohey v. Aviation Adventures, LLC*, 269 Or. App. 416, 418 (2015). This immunity applies to actions for common law negligence. *Pearson v. Reynolds Sch. Dist. #7*, 998 F. Supp. 2d 1004, 1030 (D. Or. 2013) ("workers' compensation law no longer provides a remedy for some wrongs or harms occurring in the workplace for which a common-law negligence cause of action had existed") (citing *Smothers v. Gresham Transfer, Inc.*, 332 Or. 83, 136 (2001)); *Heeder v. Safeway, Inc*., No. 00-0025-HA, 2001 WL 1703092, at *5 (D. Or. Nov. 11, 2001) ("courts have recognized that the 'exclusive remedies' provisions in applicable Workers' Compensation statutes generally preclude common law claims against an employer").

There is a narrow exception to this statutory shield found under ORS 656.156, which provides for liability when the injuries are caused by the deliberate intentional acts of the employer. However, the Oregon Supreme Court "has consistently adhered to a strict construction of this statutory exception." *Bakker v. Baza'r, Inc*., 275 Or. 245, 253 (1976). For example, an intentional battery caused by an employee has been held insufficient to create liability under the carveout provided by ORS 656.156. *Id*. at 253-55. This is because vicarious liability cannot result in the statutory exception's application. *Id*.; *Hanson v. Versarail Sys., Inc*., 175 Or. App. 92, 101 (2001) ("[t]he trial court correctly held that plaintiff could not rely on the doctrine of *respondeat superior* to come within the exception in ORS 656.156(2)").

Here, Plaintiff's claim for negligence is premised entirely upon her workplace injury, with her alleged damages consisting of worsened concussion symptoms. Complaint, ¶ 37. Plaintiff admits she was compensated through the workers' compensation system for her alleged concussion. Complaint, ¶ 7.

7.

Plaintiff filed for worker's compensation, and her claim was approved.

As such, Plaintiff's negligence claim originates from "injuries, diseases, symptom complexes or similar conditions arising out of and in the course of employment" and Plaintiff was compensated through workers' compensation system for that injury. ORS 656.018(1)(a). Plaintiff cannot claim that the intentional acts exception applies, because Plaintiff's claim is for negligence – stating that an intent to cause injury existed would be at odds with the cause of action in and of itself. *Harris v. Pameco Corp.*, 170 Or. App. 164, 174 (2000) (plaintiff cannot use the statutory exception in ORS 656.018(3) for 'willful' acts to support a 'negligence' claim against [defendant]").

Based on the foregoing analysis, Plaintiff's negligence claim is barred by ORS 656.018.

ii. *Plaintiff has failed to allege facts sufficient to state a claim for relief.*

Even if this Court holds that Plaintiff's negligence claim is not barred by ORS 656.018, the Complaint fails to allege facts sufficient to state a claim for relief. Under Oregon law, a claim of negligence must "invoke a status, a relationship, or a particular standard of conduct that creates, defines, or limits the defendant's duty;" otherwise, liability "properly depends on whether that conduct unreasonably created a foreseeable risk to a protected interest of the kind of harm that befell the plaintiff." *Fazzolari By & Through Fazzolari v. Portland Sch. Dist. No. 1J*, 303 Or. 1, 17 (1987); *Jane Doe 130 v. Archdiocese of Portland in Oregon*, 717 F. Supp. 2d 1120, 1137 (D. Or.



FISHER & PHILLIPS LLP
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

2010). The analysis of foreseeability involves "particular questions of whether plaintiffs' injuries were within the type of potential harms that made defendant's conduct unreasonable and whether plaintiffs were within a reasonably foreseeable class of injured persons." *Chapman v. Mayfield*, 358 Or. 196, 206 (2015).

Here, Plaintiff has not pled a special relationship such that a heightened duty of care exists under the *Fazzolari* framework. Therefore, the appropriate analysis is one of foreseeability – whether the Complaint sufficiently alleges that Plaintiff's "injuries were within the type of potential harms that made defendant's conduct unreasonable." *Id*. The Complaint contains no such facts, vaguely and conclusively stating that Defendants were negligent for taking three actions. Complaint, ¶ 36.

> 36.
>
> Defendants were negligent in failing to abide by Plaintiff's light-duty work restrictions, increasing her workload, and by harassing her.

This statement is a legal conclusion which is not supported by appropriate factual allegations. Missing from the Complaint are any allegations regarding what Defendants knew or should have known (including what supervisors were aware of the alleged light duty restriction and to what extent it restricted Plaintiff's work), whether Plaintiff's workload under the circumstances was unreasonable, and whether Plaintiff's workload created a reasonably foreseeable risk that her concussion symptoms would worsen.

Creating further confusion is the fact that Plaintiff alleges she "quit her job as a result of her exacerbated symptoms." Complaint, ¶ 37. It is unclear whether Plaintiff is alleging that Defendants had to possess the requisite foreseeability regarding worsened concussion symptoms, the fact that worsened concussion symptoms would lead to resignation from employment, or both.



**FISHER & PHILLIPS LLP**
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

Not only is it opaque whether "plaintiffs' injuries were within the type of potential harms that made defendant's conduct unreasonable," the current factual allegations do not sufficiently state a claim that Defendant's conduct was unreasonable at all. The allegations therefore fail to rise above the "speculative level." *Twombly* 550 U.S. at 555.

For being preempted by the workers' compensation exclusivity statute, and for failure to state a claim, Plaintiff's claim for negligence should be dismissed without leave to amend.

## CONCLUSION

Defendant respectfully requests the Court grant this motion and dismiss Plaintiff's second, third, fourth, and fifth causes of action.

DATED this 19th day of July 2023.

FISHER & PHILLIPS LLP

*s/ Stephen M. Scott*

Clarence M. Belnavis, OSB No. 942463
cbelnavis@fisherphillips.com
Stephen M. Scott, OSB No. 134800
smscott@fisherphillips.com
Stephan Kendall, OSB No. 215359
skendall@fisherphillips.com
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262 Telephone
(503) 242-4263 Facsimile

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies under the laws of the state of Oregon that on the date written below, I caused a true and correct copy of the foregoing document, **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**, to be served on the following counsel, via the method indicated:

| | |
|---|---|
| Kevin Carolan<br>Carolan Law, PC<br>965 SW Emkay Dr., Ste. 200<br>Bend, OR 97702<br>kevin@carolanlaw.com<br><br>*Attorneys for Plaintiff* | Via CM/ECF |

Executed July 19, 2023, at Portland, Oregon.

*s/ Stephen M. Scott*
Clarence M. Belnavis, OSB No. 942463
Stephen M. Scott, OSB No. 134800
Stephan Kendall, OSB No. 215359
*Attorneys for Defendant*