**Kevin Carolan, OSB No. 054757**
kevin@carolanlaw.com
Carolan Law, PC
965 SW Emkay Dr. Ste. 200
Bend, Oregon 97702
Telephone: (541) 325-6514

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| WENDY LYNN JOHNSON,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>WALMART, INC., and WALMART #2243, foreign corporations,<br><br>　　　　　　　Defendant. | Case No. 6:23-cv-00902-MK<br><br>FIRST AMENDED COMPLAINT |

　　Wendy Lynn Johnson ("Plaintiff"), complains of Defendants, Walmart, Inc. and Walmart #2243 ("Defendants") as follows.

**JURISDICTION AND VENUE**

1.

　　This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

1 – FIRST AMENDED COMPLAINT FOR DAMAGES UNDER ORS 659A.040; ORS 659A.112; 42 USC § 12101 et seq., and DEMAND FOR JURY TRIAL

## PARAGRAPHS COMMON TO ALL CLAIMS

2.

At all times material, Plaintiff Wendy Lynn Johnson ("Plaintiff") was employed by Defendants Walmart Inc. and Walmart #2243 (collectively: "Defendants,") in Redmond, Deschutes County, Oregon.

3.

At all times material, Defendants were corporations that owned and operated a retail store at 300 NW Oak Tree Lane, Redmond, Oregon 97756 in Deschutes County, Oregon and employed more than 100 persons.

4.

At all times material, Plaintiff was a resident of Deschutes County, Oregon.

5.

On or about August 13, 2011 Plaintiff began working for Defendants at their Redmond, Oregon store as an assistant manager. She was promoted to digital coach in approximately May 2020.

6.

From approximately May 2020 through approximately June 2021 Plaintiff's primary job duties included: overseeing the online portion of her Walmart store's business; hiring, training, retaining, and firing employees in the online business

department; fulfilling online orders and picking product from shelves; delivering product to customers; training team leads; overseeing the store's social media content online; and overseeing other departments when the managers in other departments weren't present.

7.

On or about November 17, 2020 Plaintiff sustained a workplace injury when the lift gate of a customer's vehicle impacted the back of her head as Plaintiff was loading product into the customer's car.

8.

Plaintiff sustained a concussion and experienced numerous concussion symptoms as a result of the November 17, 2020 injury.

9.

Plaintiff filed for worker's compensation, and her claim was approved.

10.

Plaintiff's treating doctor prescribed light-duty work with restrictions.

3 – FIRST AMENDED COMPLAINT FOR DAMAGES UNDER ORS 659A.040; ORS 659A.112; 42 USC § 12101 et seq., and DEMAND FOR JURY TRIAL

11.

After her injury on Nov. 17, 2020 Plaintiff became mentally exhausted when working full days, which hampered her productivity. As a result, it took her longer to accomplish her job duties.

12.

Plaintiff's doctor provided her with light-duty work restrictions, including reducing her hours and taking more frequent rest breaks. Plaintiff provided these restrictions to Defendant. When working the reduced hours and taking more frequent rest breaks Plaintiff was able to accomplish her job duties in a timely manner.

**FIRST CLAIM FOR RELIEF**

(Against all Defendants)

(Unlawful Discrimination Against Injured Workers - ORS 659A.040)

13.

Plaintiff realleges paragraphs one through twelve herein.

14.

After she returned to work from her injury, Defendants discriminated against

Plaintiff because she had filed for worker's compensation by: refusing to honor her prescribed light-duty restrictions, increasing her workload, writing her up for indiscretions that were caused by her concussion, threatening her with termination, giving her "red-level" discipline, prohibiting her from receiving a year-end bonus, prohibiting her from transferring to another store, refusing to allow Plaintiff to take her paid time off, firing a majority of Plaintiff's staff, blaming Plaintiff for business shortcomings that were out of her control, telling her her doctor's note was invalid, and that Defendants were being nice by letting her work with restrictions even though her worker's compensation claim was closed, spreading falsehoods about Plaintiff's quality of work, suggesting Plaintiff take a leave of absence, trespassing her from the store and by generally harassing Plaintiff.

15.

As a result of Defendants' discrimination, Plaintiff quit working for Defendants in August 2021, and suffered emotional distress, physical pain and delayed healing, exacerbated concussion symptoms, lost wages and benefits, lost 401k contributions, and additional medical expenses.

16.

Plaintiff's economic damages resulting from Defendants' discrimination are approximately $50,000.

17.

Plaintiff's non-economic damages resulting from Defendants' discrimination are approximately $500,000.

**SECOND CLAIM FOR RELIEF**

(Against all Defendants)

(Employment discrimination - ORS 659A.112)

18.

Plaintiff realleges paragraphs one through seventeen above.

19.

As a result of the concussion suffered on about November 17, 2020, Plaintiff had difficulty thinking, exercising, and working. She was unable to do these things for entire days during some periods of her convalescence and recovery.

20.

After she returned to work from her injury, Defendants discriminated against Plaintiff because of her concussion disability. Defendants discriminated against Plaintiff by: refusing to honor her prescribed light-duty restrictions, increasing her workload, writing her up for indiscretions that were caused by her concussion, threatening her with termination, giving her "red-level" discipline, prohibiting her from receiving a year-end bonus, prohibiting her from transferring to another store, refusing to allow Plaintiff to

take her paid time off, firing a majority of Plaintiff's staff, blaming Plaintiff for business shortcomings that were out of her control, telling her her doctor's note was not valid, and that Defendants were being nice by letting her work with restrictions even though Plaintiff's worker's compensation claim was closed, by spreading falsehoods about Plaintiff's quality of work, by suggesting Plaintiff take a leave of absence, by refusing to return her to managerial work, by trespassing her from the store, and by generally harassing Plaintiff.

21.

As a result of Defendants' discrimination, Plaintiff quit working for Defendants and suffered emotional distress, physical pain and delayed healing, exacerbated concussion symptoms, lost wages and benefits, lost 401k contributions, and additional medical expenses.

22.

Plaintiff's economic damages resulting from Defendants' discrimination are approximately $50,000.

23.

Plaintiff's non-economic damages resulting from Defendants' discrimination are approximately $500,000.

## THIRD CLAIM FOR RELIEF

(Against All Defendants)

(Americans with Disabilities Act (ADA))

24.

Plaintiff realleges paragraphs one through 23.

25.

Defendants' above referenced conduct constitutes illegal discrimination of a person with a disability in violation of the ADA.

26.

As a result of Defendants' discrimination, Plaintiff quit working for Defendants and suffered emotional distress, physical pain and delayed healing, exacerbated concussion symptoms, lost wages and benefits, lost 401k contributions, and additional medical expenses.

27.

Plaintiff's economic damages resulting from Defendants' discrimination are approximately $50,000.

28.

Plaintiff's non-economic damages resulting from Defendants' discrimination are approximately $500,000.

(Paragraph Common to all Claims)

29.

Plaintiff timely filed a complaint alleging her discrimination claims and constructive discharge with the Oregon Bureau of Labor and Industries (BOLI) on or about February 11, 2022. The bureau issued a Notice of Substantial Evidence Determination and Right to File Civil Suit on February 23, 2023, giving Plaintiff 90 days to bring her claims.

30.

PRAYER

WHEREFORE, Plaintiff prays this court enter judgment in her favor and against Defendants and award her:

On her FIRST CLAIM FOR RELIEF against Defendants jointly and severally: her economic damages in the amount of: $50,000, non-economic damages in the amount of: $500,000, her costs and disbursements, and pre-judgment and post-judgment interest on her damages and costs and disbursements, and her attorney fees pursuant to ORS 659A.885.

On her SECOND CLAIM FOR RELIEF against Defendants jointly and severally: her economic damages in the amount of: $50,000, non-economic damages in the amount of: $500,000, her costs and disbursements, and pre-judgment and post-judgment interest

on her damages and costs and disbursements, and her attorney fees pursuant to ORS 659A.885.

On her THIRD CLAIM FOR RELIEF against Defendants jointly and severally: her economic damages in the amount of: $50,000, non-economic damages in the amount of: $500,000, her costs and disbursements, and pre-judgment and post-judgment interest on her damages and costs and disbursements, and her attorney fees pursuant to the ADA: 42 U.S.C. § 12205, and,

any other relief that the court deems necessary and just.

A Demand for Jury Trial is respectfully submitted herewith,

this 2nd of August, 2023].

/////

s/ Kevin Carolan_____
Kevin Carolan, OSB # 05475
Email: kevin@carolanlaw.com
Attorney for Plaintiff
965 SW Emkay Dr. Ste 200
Bend, OR 97702
Trial Attorney: Kevin Carolan, OSB No. 054757