Clarence M. Belnavis, OSB No. 942463
cbelnavis@fisherphillips.com
Stephen M. Scott, OSB No. 134800
smscott@fisherphillips.com
Stephan Kendall, OSB No. 215359
skendall@fisherphillips.com
FISHER & PHILLIPS LLP
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262 Telephone
(503) 242-4263 Facsimile

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| WENDY LYNN JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., and WALMART #2243, foreign corporations,<br><br>Defendants. | Case No. 6:23-cv-00902-MK<br><br>**DEFENDANT WALMART INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

For its answer to Plaintiff's First Amended Complaint ("Complaint"), Defendant Walmart Inc.[1] admits, denies, and alleges as follows:

[1] Plaintiff incorrectly names Walmart #2243 as a separate defendant. Walmart #2243 is a store number for a Walmart location, and not a separate corporation or legal entity.

1.

Defendant admits that this Court has diversity jurisdiction.

2.

Defendant admits that Plaintiff was employed by Walmart Inc., and she worked at Store #2243, which is located in Redmond, Oregon. Except as explicitly admitted, Defendant denies the allegations in Paragraph 2 of the Complaint.

3.

Defendant admits the allegations in Paragraph 3 of the Complaint.

4.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint and denies on that basis.

5.

Defendant admits that Plaintiff was hired in or around August of 2011. Defendant further admits that during much of her employment, Plaintiff held the position of Assistant Manager. Defendant further admits that during her employment, Plaintiff was moved to the position of Digital Coach. Except as explicitly admitted, Defendant denies the allegations in Paragraph 5 of the Complaint.

6.

Defendant admits that the job duties of a Walmart Coach include training employees and overseeing the online pickup location of the store. Except as explicitly admitted, Defendant denies the allegations in Paragraph 6 of the Complaint.

/ / /

7.

Defendant admits that Plaintiff sustained an injury on or about November 17, 2020. Except as explicitly admitted, Defendant denies the allegations in Paragraph 7 of the Complaint.

8.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and denies on that basis.

9.

Defendant admits that Plaintiff was compensated via the Workers' Compensation system for her aforementioned injury. Except as explicitly admitted, Defendant denies the allegations in Paragraph 9 of the Complaint.

10.

Defendant admits Plaintiff's doctor provided a note regarding an injury, the note speaks for itself, and to the extent Plaintiff misrepresents its contents or legal significance, Defendant denies the same.

11.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and denies on that basis.

12.

Defendant admits Plaintiff's doctor provided a note regarding an injury, the note speaks for itself, and to the extent Plaintiff misrepresents its contents or legal significance, Defendant denies the same. Except as explicitly admitted, Defendant denies the allegations in Paragraph 12 of the Complaint.



**FISHER & PHILLIPS LLP**
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

**PLAINTIFF'S FIRST CLAIM FOR RELIEF**

(Against All Defendants)

(Unlawful Discrimination Against Injured Workers – ORS 659A.040)

13.

Defendant reincorporates its admissions and denials above as though fully set forth herein.

14.

Defendant denies the allegations in Paragraph 14 of the Complaint.

15.

Defendant admits that Plaintiff resigned from her employment in August of 2021. Except as explicitly admitted, Defendant denies the allegations in Paragraph 15 of the Complaint.

16.

Defendant denies Plaintiff's entitlement to the relief sought in Paragraph 16 of the Complaint.

17.

Defendant denies Plaintiff's entitlement to the relief sought in Paragraph 17 of the Complaint.

**PLAINTIFF'S SECOND CLAIM FOR RELIEF**

(Against All Defendants)

(Employment Discrimination – ORS 659A.112)

18.

Defendant reincorporates its admissions and denials above as though fully set forth herein.

/ / /



**FISHER & PHILLIPS LLP**
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

19.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and denies on that basis.

20.

Defendant denies the allegations in Paragraph 20 of the Complaint.

21.

Defendant admits that Plaintiff resigned from her employment. Except as explicitly admitted, Defendant denies the allegations in Paragraph 21 of the Complaint.

22.

Defendant denies Plaintiff's entitlement to the relief sought in Paragraph 22 of the Complaint.

23.

Defendant denies Plaintiff's entitlement to the relief sought in Paragraph 23 of the Complaint.

**PLAINTIFF'S THIRD CLAIM FOR RELIEF**

(Against All Defendants)

(Americans with Disabilities Act (ADA))

24.

Defendant reincorporates its admissions and denials above as though fully set forth herein.

25.

Defendant denies the allegations in Paragraph 25 of the Complaint.

/ / /



**FISHER & PHILLIPS LLP**
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

26.

Defendant admits that Plaintiff resigned from her employment. Except as explicitly admitted, Defendant denies the allegations in Paragraph 26 of the Complaint.

27.

Defendant denies Plaintiff's entitlement to the relief sought in Paragraph 27 of the Complaint.

28.

Defendant denies Plaintiff's entitlement to the relief sought in Paragraph 28 of the Complaint.

29.

Defendant admits that Plaintiff filed a charge with BOLI, and those documents speak for themselves. Except as explicitly admitted, Defendant denies the allegations in Paragraph 29 of the Complaint.

## **PLAINTIFF'S PRAYER FOR RELIEF**

30.

Plaintiff's prayer for relief does not require a response. To the extent a response is expected, Defendant denies Plaintiff is entitled to any of the relief she requests.

To the extent any allegations in Plaintiff's First Amended Complaint have not been fully answered above, they are denied.

## **PLAINTIFF'S DEMAND FOR JURY TRIAL**

Defendant recognizes Plaintiff's right to request a jury trial.

/ / /



**FISHER & PHILLIPS LLP**
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

## DEFENSES AND AFFIRMATIVE DEFENSES

By way of further answer and defenses, Defendant asserts the following defenses:

**FIRST AFFIRMATIVE DEFENSE**

(Good Faith)

31.

Defendant acted with bona fide reasons for believing that its conduct complied with the law and without malice or recklessness toward Plaintiff's legal rights.

**SECOND AFFIRMATIVE DEFENSE**

(Same Action)

32.

Without assuming any burden of proof not imposed by law, Defendant's actions with regard to Plaintiff were based on legitimate non-discriminatory factors, were taken in good faith, and Defendant would have taken the same actions regardless of Plaintiff's protected status or activities, if any.

**THIRD AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

33.

Plaintiff has failed to mitigate her alleged damages.

/ / /

/ / /

/ / /

/ / /



**FISHER & PHILLIPS LLP**
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

**FOURTH AFFIRMATIVE DEFENSE**

(Avoidable Consequences)

34.

Pending further discovery, any and all claims for such conduct asserted by Plaintiff are barred to the extent that Plaintiff unreasonably failed to avail herself of the policies and procedures adopted by her employer, and Plaintiff cannot recover damages for any such alleged wrongful conduct under the avoidable consequences doctrine.

**FIFTH AFFIRMATIVE DEFENSE**

(After Acquired Evidence)

35.

Pending further discovery, Plaintiff's alleged damages may be reduced or eliminated by the doctrine of after acquired evidence.

**SIXTH AFFIRMATIVE DEFENSE**

(Plaintiff's Conduct Precludes Recovery)

36.

Pending further discovery, Plaintiff's recovery may be barred by the doctrine of unclean hands.

**RESERVATION OF RIGHTS**

Defendant reserves the right to assert any additional defenses or affirmative defenses that may apply pending further discovery, and nothing contained herein should be construed as a waiver of any such additional defenses.

/ / /



**FISHER & PHILLIPS LLP**
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

**DEMAND FOR JURY TRIAL**

Defendant hereby requests a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

**RELIEF REQUESTED BY DEFENDANT**

Having fully answered Plaintiff's First Amended Complaint and having stated affirmative defenses thereto, Defendant respectfully requests the following relief:

1. That Plaintiff's claims and causes of action against Defendant be dismissed with prejudice;

2. That Defendant be awarded reasonable attorney fees and related costs; and

3. For other such relief as the Court deems appropriate.

DATED this 16th day of August 2023.

FISHER & PHILLIPS LLP

*s/ Stephen M. Scott*

Clarence M. Belnavis, OSB No. 942463
cbelnavis@fisherphillips.com
Stephen M. Scott, OSB No. 134800
smscott@fisherphillips.com
Stephan Kendall, OSB No. 215359
skendall@fisherphillips.com
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262 Telephone
(503) 242-4263 Facsimile

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under the laws of the state of Oregon that on the date written below, I caused a true and correct copy of the foregoing document, **DEFENDANT WALMART INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**, to be served on the following counsel, via the method indicated:

Kevin Carolan
Carolan Law, PC
965 SW Emkay Dr., Ste. 200
Bend, OR 97702
kevin@carolanlaw.com

*Attorneys for Plaintiff*

Via CM/ECF

Executed August 16, 2023, at Portland, Oregon.

*s/ Stephen M. Scott*
Clarence M. Belnavis, OSB No. 942463
Stephen M. Scott, OSB No. 134800
Stephan Kendall, OSB No. 215359
*Attorneys for Defendant*